### ROGERS v. SPIRO et al.

(Supreme Court, Appellate Division, First Department. November 5, 1909.)

Appeal from Special Term, New York County.

Action by Gustavus A. Rogers against Abraham I. Spiro, impleaded with another. From a judgment for plaintiff, on a decision of the court without a jury, defendant Spiro appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Spiro & Wasservogel, for appellant.
Julius M. Mayer, for respondent.

PER CURIAM. Judgment affirmed, with costs.

HOUGHTON, J. (dissenting). The plaintiff is an attorney, and the defendant Clark was his client, and he brought an action for her against the appellant, Spiro. After the bringing of the action the defendant Spiro desired to settle, and made propositions to the daughter through her father, who was managing the litigation for her. These propositions were satisfactory to the plaintiff's client, and the plaintiff was repeatedly notified that his client desired to settle the litigation, and was importuned to sign a stipulation permitting the action to be withdrawn. The plaintiff refused to sign a stipulation, or to consent to any settlement, and the testimony is that he was repeatedly asked the amount of his bill, and was told that his client wanted to provide for it, but that he replied that it was not a question of his fees, or of money, but of his client doing what she ought not to do in consenting to the settlement. Thereupon notice was given the plaintiff by his client that the $2,500 offered by the defendant must be and would be accepted, and the plaintiff was asked to name his fee, which he refused to do. The settlement was concluded, and the plaintiff now brings this action in equity against his former client and the defendant in her action, and has succeeded in obtaining a judgment declaring that he had a lien on his client's cause of action, which was not forfeited, and that such defendant, who paid his client all she asked with plaintiff's full knowledge, shall pay the amount of his bill.

Of course an attorney has a lien on the client's cause of action for his services and of course the adversary has notice of such a lien; but I apprehend the conduct of an attorney may be such, in connection with the settlement instituted by his client, of which he has notice, that he must be deemed to have waived his lien. The Court of Appeals, in Fischer-Hansen v. Brooklyn Heights Railroad Co., 173 N. Y. 492, 66 N. E. 395, laid down very carefully and very broadly the doctrine of attorney's lien. I do not, however, understand that decision to go to the extent of holding that an attorney by his conduct cannot waive or forfeit his lien. On the contrary, it is expressly stated that such lien may be discharged, or waived, or forfeited by misconduct or neglect.

The right of a litigant to settle his cause of action against his opponent has always been and always ought to be, recognized. When the client has concluded that it is for his best interests to settle, notifies his attorney of that fact, requests that he consent to it, tells him the amount proposed to be paid, asks him to name his fee, and the attorney persistently refuses to assent, or to name his fee, I think he must be deemed to have waived his lien and be precluded from recovering it from the adversary of his client. It is true that the learned trial court found that the plaintiff did not actually know of the settlement. He was told of it, told that it was going to be done, told the amount, and was asked to assent to it, and the fact that he was not present when it was actually done does not warrant the finding that he had no knowledge of it. In such circumstance, he must be deemed to have known of it.

I think the judgment should be reversed.